Mark J. Riable, AttorneyVoter Approval Amendment Committee, Inc. c/o Riable Law Firm
9710 Interstate 30 Little Rock, Arkansas 72209
Dear Mr. Riable:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2007), of the following popular name and ballot title for a proposed constitutional amendment:
 Popular Name VOTER APPROVAL AMENDMENT Ballot Title AN AMENDMENT TO REQUIRE VOTER APPROVAL OF ALL TAXES AT REGULARLY SCHEDULED ELECTIONS
The Attorney General is required by A.C.A. § 7-9-107 to certify the popular name and ballot title of all petitions for proposed initiated or referred acts or constitutional amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of a popular name andballot title reflects my view of the merits of the proposal. This Officehas been given no authority to consider the merits of any measure. *Page 2 
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest,342 Ark. 434, 445, 29 S.W.3d 669 (2000); see also Donovan v.Priest, 326 Ark. 353, 931 S.W.2d 119 (1996), Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title honestly, intelligibly, and fairly summarize the provisions of your proposed measure. Making that determination is the purpose of my review and certification: to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed measure. See ArkansasWomen's Political Caucus v. Riviere,282 Ark. 463, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant,259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act or amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958);Becker v. Riviere, 270 Ark. 219, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen,318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v. McCuen,296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot *Page 3 
title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, supra. The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring.Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen,303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, popular name, and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in thetext of your proposed amendment. A number of additions or changes to your popular name and ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
Before addressing the proposal's ambiguities, however, I must draw your attention to a significant preliminary concern. While the text of your proposal is brief and fairly simple, its adoption would change current law in numerous and complex ways. For example, some Arkansas taxes may be levied without voter approval. See, e.g., Ark. Const. art. 12, § 4, and A.C.A. §§ 26-25-101 and -102 (Repl. 1997) (county and city ad valorem taxes). But requirements of voter approval of taxes are hardly unprecedented. See, e.g., Ark. Const. art. 5, § 38 (voter approval of non-emergency increases in rates of property, excise, privilege, or personal taxes); and A.C.A. § 26-73-103(a)(2) (Repl. 2008) (voter approval of county or municipal tax levied under general authority to tax unless otherwise prohibited). Additionally, where voter approval is required, it often may, or even must, occur at a special election, rather than at a primary or general election, as required by your proposal. See, e.g., A.C.A. § 26-75-208(a)(1) (Supp. 2011) (special election required for approval of municipal sales and use tax). *Page 4 
The proposed ballot title evidences little or no effort to summarize the proposal's material effects on current law and is therefore inherently misleading. In failing to convey that voter approval of taxes is already required in many, perhaps even most, cases under Arkansas law, the proposed ballot title might be taken to imply that no such requirements currently exist, and therefore not to be sufficiently impartial. The proposed ballot title also might be taken to imply that "all taxes" are to be subject to periodic approval and re-approval "at regularly scheduled elections," an implication that appears not to be justified from the proposal's text and therefore might be regarded as in inaccurate description of the proposed change in law. The Supreme Court of Arkansas has elaborated on the duty to describe the changes in law a proposal is to make:
 It is evident that before determining the sufficiency of the present ballot title we must first ascertain what changes in the law would be brought about by the adoption of the proposed amendment. For the elector, in voting upon a constitutional amendment, is simply making a choice between retention of the existing law and the substitution of something new. It is the function of the ballot title to provide information concerning the choice that he is called upon to make. Hence the adequacy of the title is directly related to the degree to which it enlightens the voter with reference to the changes that be is given the opportunity of approving.
Bradley v. Hall, Secretary of State,220 Ark. 925, 927, 251 S.W.2d 470 (1952).
Without information regarding the extent to which your proposal would change current law on the matters mentioned above, and perhaps others, it will be impossible for a voter to make an informed "choice between retention of the existing law and the substitution of something new."Id.
Where the proposal does not evidence a good faith effort to comply with the rules governing the initiative process, including the requirement to summarize the proposal and its effects in a fair, accurate, and complete manner in the ballot title, and the ballot title is therefore significantly misleading under A.C.A. § 7-9-107(c), this office may decline to prepare a substitute. See, e.g., Op. Att'y Gen. 2011-023, 2008-056, 2007-316. *Page 5 
In my view, your proposed popular name is also deficient. "Voter Approval Amendment" gives no hint about what is to be approved and is therefore needlessly vague.
Additionally, your proposal includes a so-called "enacting clause," wherein it states: "Be it enacted by the People of Arkansas . . ." While the Arkansas Constitution requires the inclusion of an enacting clause — in a form different from that used in your proposal — for "bills" initiated by the people, there is no such requirement for initiated constitutional amendments. See United States Term Limits,Inc. v. Hill, 316 Ark. 251, 262, 872 S.W.2d 349 (1994). The inclusion of such a clause in an initiated constitutional amendment could therefore be confusing to voters.
The following are ambiguities arising from the text of the proposal:
 • Your proposal would apply to, among others, "any . . . instrumentality" of any "Municipality, [or] City. . . ." Improvement districts may be the instrumentalities of local government that most often impose charges that are sometimes referred to as taxes, see, e.g., A.C.A. § 14-86-701 (Repl. 1998), but are sometimes clearly distinguished from taxes, see, e.g., Ark. Const. amend. 65, § 3(a). It is unclear whether your proposal would apply to local improvement district assessments.
 • It is unclear whether the term "new tax" in your proposal includes taxes that are currently authorized by law but are not currently levied and are not currently subject to a voter approval requirement. See, e.g., Ark. Const. art. 12, § 4, and A.C.A. §§ 26-25-101 and -102 (Repl. 1997) (county and city ad valorem taxes). Use of the term without clarification on this point makes the proposal ambiguous.
 • The proposal uses the words "Municipality" and "City" in a sentence that suggests that the words are mutually exclusive. Generally in Arkansas law, a city is a type of municipality, so while the two things are not identical, one does include all of the other. It is impossible to determine and describe in a ballot title why the word "City" is used in the proposal when another word that includes all cities is also used. *Page 6 
 • The proposal provides for approval of tax changes by "the voters of the jurisdiction to which the [tax change] shall apply. . . ." It is unclear whether the "to which" clause describes the voters or the jurisdiction. If the former, the proposal might be interpreted to apply only when the tax at issue is levied upon the public at large. If the latter, the proposal might be interpreted to apply more broadly, to include taxes that are imposed only on, say, corporations within the jurisdiction.
 • It is unclear whether the proposal would apply to new taxes and tax increases approved but not yet in effect before the proposal's effective date.
 • Your proposal's requirement that a tax be approved "by a majority vote" might be deemed ambiguous in failing to specify whether the requirement is for a majority of those voting on the question, a majority of those voting in the election, or some other measure.
The foregoing discussion of potential problems in the text of your proposed measure is not intended to be exhaustive. However, the ambiguities and uncertainties discussed above preclude me from performing my job of summarizing your proposed amendment. Unless these ambiguities are resolved, I will be unable to summarize the measure effectively and in a manner that adequately advises the electorate of the measure's provisions and the effects thereof. I cannot interject my own interpretation of your measure on these points into a ballot title or popular name, given my uncertainty as to the precise underlying assumptions. These questions must be addressed in your measure and ballot title.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure *Page 7 
on current law. See, e.g., Finn v. McCuen, supra. Furthermore, the Court has confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure."Roberts v. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See
A.C.A. § 7-9-107(c). You may, after revision, resubmit your proposal, along with a proposed popular name and ballot title, at your convenience. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN MCDANIEL Attorney General
DM/cyh
Enclosure

 *Page 1